[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is a consolidated appeal from three judgment entries of the Ottawa County Court of Common Pleas in which the trial court accepted guilty pleas from appellant, Paul Bickley, for one count of burglary, trespass in a habitation[1]; one count of trafficking in crack cocaine[2]; and one count of burglary[3]. After accepting the pleas and finding appellant guilty of each charge, the trial court ordered appellant to serve the maximum sentences for each of the charges. The sentences are to be served concurrently. Pursuant to 6th Dist.Loc.App.R. 12(B), this appeal is removed from the accelerated calendar and is assigned to the regular calendar.
Appellant has presented two assignments of error for consideration, which are:
 "I. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM POSSIBLE SENTENCE UPON DEFENDANT-APPELLANT IN THAT IT DID NOT COMPLY WITH THE REQUIREMENTS OF OHIO REVISED CODE SECTIONS 2929.11 ET SEQ
 "II. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING THE MAXIMUM POSSIBLE SENTENCE UPON DEFENDANT-APPELLANT AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
We now consider the arguments presented in support of and in opposition to the assignments of error.
Appellant argues in support of his first assignment of error that the trial court did not properly apply the new sentencing statutes when the trial court ordered that appellant serve the maximum sentences for his crimes. Appellant acknowledges that the trial court knew of and considered the two overriding purposes for the new sentencing laws: to protect the public from more crimes committed by the offender; and to punish the offender. See R.C. 2929.11. Appellant argues, however, that the trial court did not properly balance the factors found in R.C.2929.12 to decide whether a prison sentence was more appropriate than an order placing appellant under a community control sanction. Appellant also argues that even if the trial court correctly concluded a prison sentence was the appropriate order, the trial court incorrectly applied R.C. 2929.14(C) when it decided that it should impose a maximum prison sentence.
Appellee responds that the trial court did apply the new sentencing statutes correctly in this case. Appellee states that the record shows the trial court did follow the procedure outlined in R.C. 2929.12 to decide whether appellant should be sentenced to prison or to community control. Appellee also states that the trial court properly applied R.C. 2929.14(C) to reach the decision that appellant should serve the maximum prison sentence.
R.C. 2929.12 provides:
 "(A) Unless a mandatory prison term is required by division (F) of section 2929.13 or section 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
"(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense.
 "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 "(4) The offense was committed under circumstances not likely to recur.
 "(5) The offender shows genuine remorse for the offense."
The record shows that the trial court did consider the provisions of R.C. 2929.12.
The trial court identified two factors that made appellant's conduct more serious than the conduct normally constituting appellant's crimes. First, appellant had a relationship with the victim of his burglary offense; the victim was his father. Second, appellant committed all of the crimes because of his "selfish" reason to continue his drug habit.
The trial court found that none of the factors that make an offense less serious existed in these cases. Appellant argues that the trial court should have considered that appellant did not cause any physical harm to the victims of his crimes. He also argues that the trial court should have considered his long history of drug and alcohol abuse as a substantial ground to mitigate his conduct.
We agree that the record[4] shows that appellant did not cause any physical harm to the victims of his crimes. However, we cannot say that factor would outweigh the factors identified by the trial court as reasons why appellant's conduct was more serious than the conduct normally constituting his offenses. We are also unpersuaded that appellant's long history of drug and alcohol addiction is a substantial ground to mitigate his conduct. As the trial court noted, the long history of drug and alcohol abuse provided the motivation for appellant to commit his crimes. Therefore, the record does not provide any clear and convincing evidence that the trial court abused its discretion when it applied the statutory factors of R.C. 2929.12(B) in this case.
Appellant next argues that the trial court incorrectly balanced the factors found in R.C. 2929.12 when it concluded that he is likely to commit future crimes. Appellant argues that he did show genuine remorse for his crimes when he said at the sentencing hearing that he was sorry for his actions. He also argues that he has not refused to accept treatment for his drug and alcohol problems.
We have carefully reviewed the record and find there was clear and convincing evidence to support the trial court's ruling that the factors showing appellant is likely to commit more crimes outweigh the factors showing that appellant is likely to be rehabilitated. Appellant committed the trespass to a habitation while he was out on bail for the other two charges. Appellant has a juvenile and a criminal record. Appellant previously served time in prison and has continued to commit crimes following his release. Appellant has a drug and alcohol problem and has not sought treatment for the problem. Further, while appellant said he was sorry, the trial court was in the best position to observe his demeanor and to decide if he was truly remorseful.
Next, appellant argues that the trial court did not give an appropriate sentence when it ordered him to serve a maximum sentence for his burglary conviction, a felony of the second degree.[5] Appellant relies upon the provisions of R.C.2929.14(C) to support his argument.
R.C. 2929.14 states, in pertinent part:
 "(A) Except as provided in division (C), * * * of this section * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter and is not prohibited by division (G)(1) of section 2929.13
of the Revised Code from imposing a prison term on the offender, the court shall impose a definite prison term that shall be one of the following:
"* * *
 "(3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
 "(4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.
"* * *
 "(B) Except as provided in division (C) * * * of this section or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
The trial court was clearly vested with discretion to impose a maximum sentence if it determined that a factor listed in R.C. 2929.14(C) existed in this case, and it explained its reason for imposing a maximum sentence pursuant to R.C. 2929.19(B)(2)(d). The transcript from the sentencing hearing contains a statement from the trial court that it had considered R.C. 2929.14(C) and that it found appellant posed the greatest likelihood of committing future crimes to continue feeding his drug habit.
However, the nunc pro tunc judgment entry in which the trial court sentenced appellant contains no statement that the trial court considered R.C. 2929.14(C). This court recently considered a case in which the trial court made oral statements at the sentencing hearing that it applied the correct statutory factors, but made written statements in the sentencing judgment entry that it applied different statutory factors. We remanded the case for resentencing after stating that: "A court speaks only through its journal." State v. King (Feb. 27, 1998), Wood App. No. WD-97-015, unreported.
Because the trial court in this case failed to specify in the judgment entry that the appropriate statutory sections were considered and applied before it imposed a maximum sentence on appellant, this court has no recourse but to vacate the sentence imposed upon appellant for his burglary conviction and to remand this case for resentencing. See id.; State v. Garcia (Mar. 2, 1998), Clermont App. No. CA97-04-042, unreported; and R.C. 2953.08
(G)(1)(a) and (d).
Appellant's first assignment of error is well taken to the extent that the trial court did not show in its judgment entry, journalized by the clerk, that it complied with all of the applicable statutory requirements before it imposed a maximum sentence upon appellant for his burglary conviction. Appellant's second assignment of error is rendered moot by our disposition of the first assignment of error.
We order that appellant's sentence for burglary be vacated. The judgment of the Ottawa County Court of Common Pleas is reversed in part and affirmed in part. This case is remanded for resentencing of appellant for his burglary conviction. Appellant and appellee are each ordered to pay one half of the court costs of this appeal.
JUDGMENT REVERSED IN PART
 AND AFFIRMED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.
[1] A violation of R.C. 2911.12(A)(4).
[2] A violation of R.C. 2925.03(A)(4)(a).
[3] A violation of R.C. 2911.12(A)(2).
[4] The record includes the presentence report pursuant to R.C. 2953.08(F)(1).
[5] Appellant concedes in his brief that "it is arguably understandable how the trial court arrived at the determined maximum prison terms for the fourth degree [trespass in a habitation] and fifth degree [trafficking in crack cocaine] felony convictions in lieu of community control sanctions * * *" because he has previously served a prison term." See R.C. 2929.13(B)(1)(g). We will therefore only consider whether the trial court incorrectly decided that appellant should serve a maximum sentence for his second degree felony conviction: burglary.